Swan, PJ.
P.M. has appealed from an order of the Cambridge District Court committing her under G.L.c. 123, §§7 and 8, to McLean Hospital (“the hospital”) for a period of up to six months.
On October 28,2014, P.M. filed with the hospital an application for care and treatment on a conditional voluntary basis pursuant to G.L.C. 123, §§10 and 11. Finding that all criteria for admission had been met, a physician at the hospital accepted the application. On December 3, the hospital gave to P.M. a G.L.c. 123, §3, notice of transfer. The notice stated that after a review of P.M.’s need for care and treatment, it had been determined that she should be transferred to a continuing care facility at the Department of Mental Health (“DMH”) at a “bed availability” time. The section of the notification form for stating the reasons for the transfer was not completed. P.M. checked the blank space on the form indicating that she objected to the transfer.[1] On December 8, the hospital filed with the trial court a petition for commitment, alleging, among other things, that P.M. suffered from a bipolar disorder with an impairment of “judgment, behavior, capacity to recognize reality and ability to meet the ordinary demands of life,” that she had made “statements that she [would] harm herself upon discharge,” and that she was “dysphoric with decreased energy, interest and function.” P.M.’s counsel filed and argued at the commencement of trial a motion to dismiss the petition. The motion alleged that, after discussing the matter with her husband and her psychiatrist and before the hospital’s filing of the petition, P.M. had *178 “informed her treatment team that she would agree to the proposed transfer” but was told that her change of mind was “too late because the hospital intended to petition for her commitment.” The hospital’s counsel replied that P.M. had undergone multiple hospitalizations and had exhibited inconsistencies in her decision-making, and that she was likely to change her mind once again. “It takes so long,” counsel continued, “to even apply for state hospitalization, get somebody a bed, and then having [P.M.] change her mind, which she is entitled to do, but then it puts her back into... a further position on the waiting list. Our unit is an acute-care unit... [and] for her to stay would not be in her best interests if that should happen.” The trial judge denied the motion to dismiss, conducted the hearing, and issued the order of commitment. P.M. argues that the court’s denial of the motion was error.
P.M. has since been discharged, and her claim is moot. “However, ‘[i]ssues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance’ and present ‘classic examples’ of issues that are capable of repetition, yet evading review,” Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 782 (2008), quoting Acting Supt. of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000), and “it is within our discretion to decide an issue which is [moot], where the question is one of public importance, is very likely to arise again in similar circumstances, and where appellate review could not be obtained before the question would again be moot.” Acting Supt. of Bournewood Hosp. v. Baker, supra, quoting Attorney Gen. v. Commissioner of Ins., 403 Mass. 370, 380 (1988). P.M. presents such a case, and we therefore consider the merits.
Upon six days’ notice, DMH “may transfer any person from any facility to any other facility which the department determines is suitable for the care and treatment of such person,” unless the “person knowingly objects” to the transfer. G.L.c. 123, §3. DMH regulations specify how the procedure for transfer and objection transpires:
Any person admitted to a facility may be transferred from that facility to any other facility, provided that except in an emergency:
(a) Patients on voluntary admission status under 104 CMR 27.06 shall not be subject to transfer without their written consent; and
(b) Patients on conditional voluntary admission status under 104 CMR 27.06 may refuse transfer. Such refusal may be considered equivalent to submission of the patienf s three day written notice of his or her intention to leave or withdraw from the facility. Upon such refusal, the facility director may file a petition for commitment under the provisions of M.G.L.c. 123, §§7 and 8 if the person meets the criteria for commitment or withdraw the notice of transfer provided to the person pursuant to 104 CMR 27.08(8).
104 Code Mass. Regs. §27.08(3).
The options for a patient, in short, are either to accede to the transfer or refuse it, and in the latter instance, the facility may petition for commitment or withdraw the notice of transfer. Acceding to the transfer not only eliminates the need for, but in fact appears to prohibit, a commitment petition, which may only be filed “[u]pon such refusal” (emphasis added). Id. at §27.08(3) (b). As the parties have observed, the agreement to a transfer is the functional equivalent of a conditional voluntary admission under G.L.c. 123, §§10 and 11, and indeed it is the usual practice of facilities *179 to dismiss petitions for commitment if prior to a hearing the patient agrees to a conditional voluntary admission. Accordingly, under DMH’s own regulation, a patient’s agreement to a transfer after her earlier objection in effect nullifies the petition for commitment.
We must then address whether the record substantiates P.M.’s ultimate agreement to the transfer. The motion to dismiss was not accompanied by an affidavit of P.M. that she no longer opposed the transfer, nor was her written response to the notice of transfer amended to indicate her agreement to it. It would seem to have been easy enough for her to obtain the notice of transfer, cross off the previously checked “object to this proposed transfer” blank, then check the “agree to this proposed transfer” blank, and initial the revisions. Both at the hearing on the motion and at oral argument, however, counsel for the hospital conceded that P.M. orally told the hospital that she had changed her mind. That, we conclude, was sufficient to effect her agreement. Thereafter, it was “apparent that the [hospital] was without authority to petition for [P.M.’s] commitment, and that the District Court judge was without jurisdiction to hear the commitment petition.” Acting Supt. of Bournewood Hosp. v. Baker, supra at 105. While the hospital’s concern — that P.M.’s change of mind would return her to a “further position on the waiting list” — may be compelling, it is not contemplated by statute or regulation as a reason for proceeding with a petition. The motion to dismiss should have been allowed.
P.M.’s challenges on appeal to the validity of the DMH regulations and their compliance with G.L.c. 123, §3, were not raised in the trial court, and we accordingly do not consider them.
The order of commitment is vacated.

 The notice of transfer form contains the following section with alternative blank spaces to be checked:
I have received notice of the facility’s intent to transfer and I:
_agree to this proposed transfer.
_agree to this proposed transfer and waive the six-day notice of transfer requirement
_object to this proposed transfer.
The section ends with a space for the patient, parent, or guardian to sign and date, or, if the patient refuses to sign, a statement to be signed by a deliverer that a copy of the notice has been given to the patient.